## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILKEN PARTNERS, L.P., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-562-XR |
| | § | |
| CHAMPPS OPERATING CORPORATION | § | |
| and CHAMPPS ENTERTAINMENT OF | § | |
| TEXAS, INC., | § | |
| | | |
| *Defendants*. | | |

## ORDER

On this date, the Court considered Plaintiff Wilken Partners, L.P.'s Motion to Remand (docket no. 6) and Defendants' Response in Opposition.

### I. Background

Plaintiff Wilken Partners, L.P., a citizen of Texas, filed suit in Texas state court against Defendant Champps Operating Corporation ("Champps Operating"), a Minnesota corporation, and Defendant Champps Entertainment of Texas, Inc. ("Champps Entertainment"), a Texas corporation, alleging fraud by non-disclosure and negligent misrepresentation.  Specifically, Plaintiff alleges that "Defendants" approached Plaintiff to discuss a franchise opportunity, and induced Plaintiff to enter into a franchise agreement with Defendant Champps Operating by failing to disclose certain negative material information about the franchise location.  Throughout the petition, Plaintiff refers to "Defendants" without distinguishing between any statements or representations made by Champps Operating versus Champps Entertainment.

Defendants filed a Notice of Removal, asserting that this Court has diversity jurisdiction

1

because the amount in controversy exceeds $75,000, and Defendant Champps Entertainment was improperly joined to defeat diversity.  In the removal papers, Defendants provide the Affidavit of Kenneth C. Syvarth, the Officer and Director of Champps Entertainment, who states that Champps Entertainment is not involved with franchising and "did not have any involvement with any franchise agreement, any development deal, nor have any other discussions with Wilkens Partners, L.P. or any other Wilkens entity, as they relate to any Champps Americana franchise."  Plaintiff has moved to remand, conceding that the amount in controversy exceeds $75,000 but contending that Champps Entertainment was properly joined and thus diversity jurisdiction is lacking.

## II. Analysis

The federal removal statute states that suits that arise under diversity jurisdiction are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation omitted).  In this case, only the second type of improper joinder is at issue.

To determine whether non-diverse defendant Champps Entertainment was improperly joined, we ask "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [Champps Entertainment], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [it]."  *Smallwood*, 385 F.3d at 573.  "[T]here must be a reasonable possibility of recovery, not merely a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).  The burden of

2

persuasion on a party asserting improper joinder is a "heavy one." *Id.*; *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009).

In analyzing whether Wilken Partners has demonstrated a reasonable possibility of recovery against Champps Entertainment, this Court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," or, if the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," this Court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. This summary inquiry allows the court to look beyond the pleadings and consider summary judgment-type evidence. In doing so, however, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Further, discovery should be limited, and the summary inquiry should only be used to identify discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant; anything more risks "moving the court beyond jurisdiction and into a resolution of the merits." *Smallwood*, 385 F.3d at 573-74. Any ambiguities in state law or contested fact issues must be resolved in favor of the plaintiff. *Id.* "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

The face of the petition alleges direct-liability claims against both Champps Operating and Champps Entertainment for fraud (based on nondisclosure) and negligent misrepresentation. To prove fraud by nondisclosure, a plaintiff must show that a person with a duty to disclose deliberately failed to disclose material facts. *See 7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 507 n. 27 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). When a defendant has a

3

duty to speak but remains silent, his silence is tantamount to a false representation.  *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997).   Whether a duty to disclose information exists is a question of law.[1]  *Id.*   Thus, fraud by omission may occur: (1) when a defendant conceals or fails to disclose a material fact within his knowledge; (2) the defendant knows the plaintiff is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the defendant intends to induce the plaintiff to take some action by concealing or failing to disclose the fact; and (4) the plaintiff suffers injury as a result of acting without knowledge of the undisclosed fact. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001).

To prove negligent misrepresentation, a plaintiff must show that: (1) the defendant made a representation in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a pecuniary loss by justifiably relying on the representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002) (citing *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

Plaintiff alleges that "Defendants" made misrepresentations or failed to disclose material information it was under a duty to disclose, without specifying whether any particular misrepresentation or knowing omission was made by a representative of Champps Operating or Champps Entertainment.   State-law fraud claims are subject to the heightened pleading requirements

---

[1] The duty generally arises in four circumstances: (1) a fiduciary or other special relationship between the parties gives rise to a duty to disclose; (2) new information makes a defendant's earlier representation misleading or untrue; (3) a defendant conveys a false impression by making a partial disclosure; and (4) a defendant who voluntarily discloses information has a duty to disclose the whole truth.  *Lesikar v. Rappeport*, 33 S.W.3d 282, 298-99 (Tex. App.–Texarkana 2000, pet. denied); *see also Playboy Enters., Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 260 (Tex. App.–Corpus Christi 2006, pet. denied).

of Rule 9(b).  *Sullivan v. Leor Energy*, 600 F.3d 542, 550 (5th Cir. 2010).  To plead fraud adequately, the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Id.*  Further, when fraud and negligent misrepresentation claims are based on the same operative facts, the negligent misrepresentation claim must also be pleaded with particularity.  *Lone Star Fund v. Barclays Bank*, 594 F.3d 383, 387 & n.3 (5th Cir. 2010) ("[T]his court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims" such as when "fraud and negligent misrepresentation claims are based on the same set of alleged facts.").  Plaintiff's petition does not satisfy these heightened pleading requirements.  Of course, since this deficiency applies equally to the in-state and out-of-state entities, it cannot be a basis for finding improper joinder.  *Smallwood*, 385 F.3d at 574 ("[W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.").  In addition, the federal pleading requirements do not determine whether Plaintiff could recover against defendants under state law.  Looking solely to the elements of the claim as established by state law, Plaintiff Wilken Partners has stated a claim against Defendant Champps Entertainment.

However, as noted, Champps Entertainment has submitted the Affidavit of Kenneth Syvarth, Champps Entertainment's Officer and Director, which states that Champps Entertainment did not have any discussions with Plaintiff related to the franchise.  This factual allegation would appear to negate any possibility of recovery against Champps Entertainment on a direct-liability theory, given that if Champps Entertainment had no discussion with Plaintiff, it could not have made material

5

misrepresentations to Plaintiff.  In addition, because this issue is a discrete fact that could preclude recovery against Champps Entertainment, the Court concludes that a summary-judgment-type inquiry is appropriate to determine whether Plaintiff has a possibility of recovery against Champps Entertainment.  *See Smallwood*, 385 F.3d at 574 n.12 (giving examples of when summary inquiry is appropriate, including assertions that "the in-state doctor did not treat the plaintiff patient" and "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient").

Syvarth's Affidavit negates a fact essential to Plaintiff's recovery on a direct-liability claim against Champps Entertainment for fraud and negligent misrepresentation.  Plaintiff's motion to remand does not address Syvarth's Affidavit.  It states that its claims are "based on certain verbal and written representations made by certain employees and agents of the defendants to plaintiff's representatives" and not on the terms of the franchise agreement with Champps Operating.  However, these assertions, which are the same as the allegations in the petition, are insufficient to demonstrate a possibility of recovery in light of Syvarth's Affidavit.  *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (plaintiffs cannot present only the allegations in their Complaint as evidence of possible recovery); *see also De La Hoya v. Coldwell Banker Mexico*, 125 Fed. App'x 533 (5th Cir. Feb. 28, 2005) (noting that, in reviewing the evidence and complaint to determine improper joinder, the court considers the *unchallenged factual allegations* in the light most favorable to plaintiffs); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (when defendant submitted affidavit and plaintiffs relied solely on the pleadings, the court agreed that, "considering defendants' affidavits 'in light of the plaintiffs' lack of evidence,' there [was] no reasonable basis for predicting that plaintiffs might establish liability in their conspiracy claim against the in-state defendants").  Thus, to the extent Plaintiff is asserting a direct-liability claim against

6

Champps, Plaintiff must come forth with competent evidence (in the form of an Affidavit, for example) to rebut Syvarth's Affidavit. *Badon*, 224 F.3d at 393 (noting that, after defendant submitted summary-judgment type evidence, plaintiffs had the burden to tender rebuttal summary-judgment type evidence or request a delay in ruling on the motion so they could produce or discover evidence).

Plaintiff's motion to remand also appears to invoke derivative liability as a possible theory of recovery against Champps Entertainment. Plaintiff states that "Defendant Champps Entertainment of Texas, Inc. is a Texas corporation operating as a wholly-owned subsidiary of defendant Champps Operating Corporation" and "[t]he two defendants share the same headquarters address, same president, and possibly the same employees acting on behalf of each entity based on state filings and facts known to the representatives of the plaintiff." Motion to Remand at 2. Plaintiff asserts that "[t]hey are substantially similar, if not exactly the same in all ways except for their name and identifying state and federal numbers." *Id.* Thus, Plaintiff argues, Defendants have not met their burden of proving that there is no joint and several liability between the two Champps entities or that Champps Entertainment has no real connection to the claims against Champps Operating.

There is no indication on the face of the petition, however, that Plaintiff was asserting a derivative-liability claim against Champs Entertainment based on a theory such as alter ego or single business enterprise or the like. Though single business enterprise is not a cause of action but a theory of recovery, post-removal filings may not be considered if they present new theories of recovery not raised in the state court petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995)); *see also De La Hoya*, 125 Fed. App'x at *536 n.2 (noting that "we consider only whether plaintiffs can establish the theories of liability that they pleaded in the state court complaint"). Rather, this Court must determine

whether what Plaintiff has pled in its petition is sufficient to allege single business enterprise or a similar theory of liability. *De La Hoya*, 125 Fed. App'x at *537 ("we must determine whether what plaintiffs *did* plead was sufficient to allege single business enterprise" and, if it was sufficient, then determine whether defendants had established that there was no reasonable basis on which the court could predict plaintiff's possible recovery on that theory). The petition makes no allegations to support such theories of liability. Accordingly, Plaintiff cannot now attempt to rely on these theories to establish that the removal was improper.

### Conclusion

The Court finds it appropriate to conduct a summary-judgment type inquiry to determine whether Plaintiff has any possibility of recovery against the in-state Defendant Champps Entertainment. On the current record, Plaintiff has failed to controvert Defendant's evidence that it had no discussions with Plaintiff or its representatives. Plaintiff shall therefore respond with competent summary-judgment type evidence no later than **September 9, 2010**. If Plaintiff is unable to produce evidence by that date, Plaintiff shall notify the Court that no such evidence will be forthcoming or, if discovery is necessary, shall move for additional time and specify the discovery that is needed and what information it is expected to produce.

It is so ORDERED.

SIGNED this 1st day of September, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE